**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   **v.**                                                  **Case No. 07-CR-123**

**JIMMIE LEE DURANT**
        **Defendant.**

---

### ORDER

On July 30, 2008, defendant Jimmie Durant pleaded guilty to conspiracy to distribute cocaine. (R. 427.) In his plea agreement with the government, defendant agreed to the forfeiture of the properties listed in the indictment as proceeds of the offense of conviction. (R. 428 at 9 ¶ 26.) On October 28, 2008, without objection, I granted the government's motion for a preliminary order of forfeiture, forfeiting defendant's interest in (1) approximately $1,110 in United States currency seized from a residence located at 2577 N. 28th Street, Milwaukee, Wisconsin, on or about May 9, 2007, and (2) approximately $41,000 in United States currency in a First Tennessee Bank cashier's check seized from defendant on or about April 21, 2007. (R. 525.) On November 21, 2008, I granted the government's motion to dismiss other property from the forfeiture notice of the indictment. (R. 548.) On May 21, 2009, I sentenced defendant to 78 months in prison. (R. 657.) He took no appeal.

On December 10, 2009, defendant filed a "Motion to Recapture Seized Funds," in which he sought return of the $41,000 check seized by government agents. He argued that the funds represented the proceeds of legitimate work he performed, not drug trafficking, and should be returned to him pursuant to the November 21, 2008, order granting the government's motion

to dismiss property from the forfeiture notice of the indictment. (R. 732.) The government filed a response, indicating that the November 21, 2008 dismissal order did not list the $41,000 check at issue; rather, defendant's interest in that property was ordered forfeited pursuant to the earlier, October 28, 2008 order. (R. 734.)

On January 27, 2010, defendant filed a request for more time to secure needed documents and file an appropriate reply. (R. 739.) On March 16, 2010, I granted defendant until March 30, 2010 to file a reply. I also directed the clerk to forward to defendant copies of the October 28, 2008 preliminary order of forfeiture and the November 21, 2008 order dismissing property. (R. 744.)

On March 29, 2010, defendant filed a reply, in which he acknowledged the forfeiture provision of his plea agreement and the forfeiture orders entered in his criminal case. Nevertheless, he again argued that the $41,000 check represented the proceeds of a legitimate business. He also complained that the assets dismissed pursuant to the November 21, 2008 order were more likely connected to drug trafficking than his $41,000 check. Finally, he argued that I erred in not making necessary factual findings to support the forfeiture of the $41,000 check and asked for an evidentiary hearing on the issue. (R. 746.)

Defendant's challenge to this forfeiture comes too late. Although Fed. R. Crim. P. 41(g) allows a criminal defendant to commence a civil equitable proceeding to recover seized property retained by the government after the end of a criminal case, it does not permit a defendant to seek return of assets, like the $41,000 check, forfeited in the course of those proceedings. See, e.g., Suggs v. United States, 256 Fed. Appx. 804, 805-06 (7th Cir. 2007); Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007). A criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all. Young, 489 F.3d

2

at 315. Defendant cites no authority for bringing this challenge now.[1]

Because defendant's interest in the $41,000 check was forfeited in the criminal case, I must dismiss his post-conviction motion seeking its return for lack of subject matter jurisdiction. See id. at 316 (dismissing a post-conviction Rule 41 motion challenging a criminal forfeiture for lack of subject matter jurisdiction).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 732) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 1st day of April, 2010.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] The cases defendant cites in his reply brief involved direct appeals challenging a forfeiture. They provide no authority for a post-conviction challenge to a criminal forfeiture. I also note that two of the cases on which defendant relies, United States v. Roberts, 749 F.2d 404 (7th Cir. 1984) and United States v. Reckmeyer, 786 F.2d 1216 (4th Cir. 1986), were rejected by the Supreme Court in Libretti v. United States, 516 U.S. 29 (1995).

3